Emma J. Whitely  
vs.　　　　Eq. No. 10557.  
Carrie E. Miller  
July 6, 1932.

BAKER, P. J.　Heard on bill, answer, replication and proof.

In this bill in equity the complainant is asking that the respondent may be declared to be a trustee for the complainant of certain real estate in the City of Pawtucket, that she be ordered to convey said property to the complainant, and for relief by way of injunction.

The parties here are a mother and daughter. The bill herein clearly is framed to bring this proceeding within the law as laid down in the case of *Grant* vs. *Bell*, 26 R. I. 288. That case holds in substance that where a conveyance of property upon an agreement for the support of the donor is made, it is usually in fact to be considered as an implied trust and a bill seeking a reconveyance will be sustained after a breach if the parties can be placed in statu quo.

The complainant urges very strongly that the evidence in the case at bar is sufficient to bring her within the above rules. The respondent, however, contends that the evidence does not do this but shows an arrangement between the mother and daughter more in the nature of a gift to the daughter for reasons indicated, and further shows the retention by the mother, the grantor, of a life interest in the property.

According to the testimony presented, the conveyance in question included two pieces of property in the City of Pawtucket and was made the 24th of December, 1913. It has, therefore remained undisturbed for upwards of 18 years. The complainant is now a woman almost 82 years old. She and the respondent lived together for many years in a tenement on one of the parcels involved. The respondent paid no rent and the complainant

paid no board. About two years ago, after some difficulty, the complainant left the respondent and has since been living with a grandson.

The complainant presented certain testimony, more particularly through the respondent's divorced husband, who clearly exhibited bias and feeling against her, tending to show by statements alleged to have been made by respondent to him, that the conveyance in question was obtained somewhat unwillingly from the complainant.

The respondent very positively denies making any such statements. In substance they were that she had gotten her mother to sign the deed but that she had had a hard job persuading her. It is urged by the complainant that this evidence gives some basis for a claim of fraud in the original transaction.

The Court is very clearly of the opinion that this slight bit of testimony is not sufficient to tinge this transaction with fraud, particularly when the length of time the conveyance has stood is considered. Further, the evidence seems to show that the complainant has at different times consulted at least two attorneys to be sure that the conveyance in question was valid and binding. •

The principal question in the case appears to be whether or not there was an agreement to support entered into at the time of the conveyance, or whether it was in the nature of a gift made on other grounds.

It should be noted that the case at bar differs from the case of *Grant* vs. *Bell, supra,* in that in the present case the complainant retained a life interest in the property, whereas in the case above referred to, apparently this was not done. In other words, the complainant retained for herself income from the property which, on the basis of an agreement to support, might reasonably be supposed to go to the respondent.

The latter contends that the weight of the evidence shows that her mother, for certain reasons, conveyed as a gift the remainder interest in the property to the former, retaining a life estate. The first of these reasons was that the respondent was her nearest living relative; secondly, that certain incidents growing out of the alleged destruction by the complainant of two wills which it is claimed had been made by another member of the family, influenced the complainant in making the conveyance involved herein. There was also testimony that the complainant stated she was afraid of certain nieces, the daughters of a brother now deceased.

The Court is of the opinion that before any agreement for support is found, it should be clearly and definitely upheld by the testimony.

After carefully weighing the evidence, the Court has come to the conclusion that the complainant has failed to show, by a fair preponderance of the testimony, the making of any such agreement in this case. For that reason it would seem that this proceeding does not fall within the rule laid down in *Grant* vs. *Bell, supra.*

Several Illinois cases have been called to the Court's attention by the complainant and, while these are somewhat helpful to her contention, a general examination of the law seems to show that they stand more or less by themselves.

See Pomeroy's Eq. Jurisprudence. p. 4755, Sec. 2108.

The Court believes that the evidence, fairly considered, merely shows an arrangement by the mother and daughter to continue to live together, as they had been doing for several years before the conveyance was made and as they continued to do for some 16 years thereafter. In one part of the testimony, the complainant stated in substance that she was supposed to live with her daughter. This, in the

judgment of the Court, clearly falls short of showing any definite agreement for support.

The respondent has stated that she would be glad to have her mother return and continue to live with her. The complainant, in support of her right to maintain this bill, urges that she was compelled to leave her daughter because the latter called her names, found fault with her, at one time shook her, and was generally unpleasant, also that she had had some trouble with other persons in the house; all constituting an alleged breach of the agreement to support.

In view of the fact that the Court has already determined that there was no direct agreement to support, possibly the complainant's grounds for leaving become unimportant. A consideration of the evidence, however, leads the Court to the conclusion that the mother did not leave for the reasons above mentioned. Undoubtedly she and her daughter had disagreements and arguments. This is not uncommon where two women of the ages of the parties involved herein live together. The respondent placed upon the stand two witnesses, Mrs. Palmer and Mrs. Lovegrove, who apparently testified frankly and who made a good impression upon the Court. They gave evidence that they had been visiting the house for some considerable period and at all times when they had been there, nothing unusual or abnormal occurred between the mother and daughter. The grandson with whom the complainant is now living, and who testified in her behalf, is, of course, a more or less interested witness.

The Court believes that a reason for the separation of the parties was the difficulty which developed about two or three years ago, when the respondent remonstrated vigorously with her mother over certain loans which the latter, unknown to the respondent, had been obtaining from individuals and money loaning companies; and, secondly, and possibly the more important, the fact that the respondent took steps in the Pawtucket Probate Court to have a guardian appointed over her mother because of the latter's conduct in connection with these loans, and also certain other incidents which had recently taken place. The Court feels that the complainant resented very strongly this action on the part of her daughter and that these things, rather than any difficulty in the house, brought about the separation of the parties.

On all the testimony, in the judgment of the Court the complainant has failed to establish any implied trust for her benefit in this case and, therefore, the prayers of the bill are denied and the bill is dismissed.

For complainant: John H. Stefano.
For respondent: John G. Carroll.